

**U.S. Department of Justice**

Federal Bureau of Prisons

*Federal Correctional Complex*

*The Commitment and Treatment Program for Sexually Dangerous Persons*
*P.O. Box 1000*
*Butner NC 27509-1000*

April 5, 2010

Honorable Joseph L. Tauro
United States District Court
1 Courthouse Way
District of Massachusetts
Boston, MA 02210

RE:  Hunt, Wayne (Respondent)
     Reg. No. 23405-149
     Civil No. 07-12063-JLT

Dear Judge Tauro,

On August 18, 2009, Mr. Wayne Hunt was civilly committed as a Sexually Dangerous Person pursuant to 18 USC §4248 (d) in your court and subsequently transferred to FCC Butner's Commitment and Treatment Program (CTP) for custody, care, and treatment. Since his arrival, he has meaningfully participated in all court-ordered treatment. However, we have recently encountered an impasse which I believe needs to come to your immediate attention.

On March 26, 2010, Mr. Hunt wrote a letter to me indicating he is unable to meaningfully participate in a central component of treatment. In the letter he stated, "I do not feel that I can make a full disclosure at this time without some type of assurance that the information revealed will not be used against me in court for trial purposes and/or annual reviews to increase my level of sexual dangerousness..."

On March 24, 2010, I started a treatment component entitled "Sexual Offense History." In this component of treatment, CTP patients are asked to disclose their entire sexual offense history, including all non-adjudicated sexual offenses they have previously committed.[1] Knowing the full extent of the offender's problem allows treatment to address the full extent of his risk/dangerousness.

Although the practice of having sexual offenders account for their entire sexual offense history is common and well accepted in clinical settings, it does raise the issue of the offender's constitutional right against self-incrimination. In order to afford patients adequate constitutional protection, clinicians

---

[1] This component of treatment requires the patient to disclose the specific parameters of his sexual offending behavior including, but not limited to, 1) the victim's gender and age; 2) the offender's relationship to the victim; 3) location, duration, frequency and type of sexual abuse; 4) methods of victim compliance; and 5) victim injury. The objectives of this treatment component also include understanding the statutory, psychological and moral aspects of consent to sex, as well as admitting to and understanding non-criminal sexually exploitative behavior. This component of treatment is not only essential for the effective management of deviant sexual urges and behavior, but also serves as a foundation for subsequent treatment components implemented later in Phase III (e.g., Sexual Self-Regulation and Pathways of Offending) and Phase IV (e.g., Relapse Prevention, Community Reintegration) of the CTP.

frequently do not require offenders to disclose the identifying information of their victims. Providing incriminating information (e.g., full name, age, date and location of offense, and specifics of the offense) would compel most treatment providers to make a report to law enforcement and child protection agencies. However, since self-incrimination is not a clinical interest, patients are not required to provide identifying information as part of treatment.

It is conceivable that disclosing non-adjudicated crimes, regardless of whether the identifying elements are reported by the CTP patient, could be used in legal proceedings to elevate the perception of his sexual dangerousness.[2] Mr. Hunt wants "some kind of assurance" that his disclosures of unadjudicated sexual crimes will not be used against him as evidence of increased sexual dangerousness or difficulty refraining from sexual offending in annual reviews or conditional discharge proceedings. Of course, I cannot provide such assurance. However, I believe his concerns are legitimate, and his unwillingness to meaningfully participate in this component of treatment appears legally justified at this time. I believe it is commendable that he wants to fully disclose his sexual offense history and "come clean" in treatment.

As stated earlier, the intent of this letter is to attempt to resolve this impasse which affects my ability to carry out your judicial order to treat Mr. Hunt. I have apprised my superiors in the BOP of this issue and, by copy of this letter, I am also informing the United States Attorney's Office and Mr. Hunt' counsel. I look forward to a prompt resolution of this matter. Please let me know if you require additional information or clarification. Thank you.

Respectfully,

Andres E. Hernandez, Psy.D.
Clinical Coordinator

C:    Karen Steinour, Ph.D.
      CTP Administrator

      Marc J. Grady
      Assistant U.S. Attorneys

      Ian Gold
      Federal Public Defender

      CTP Patient File

---

[2] The Federal Code of Regulations (28 C.F.R. Part 549) permits the Certification Review Branch of the BOP, for example, to use a wide range of evidence to substantiate sexual dangerousness and serious difficult refraining from sexually violent conduct or child molestation if released, which (in practice) has also included the inmate's self-report of unadjudicated sexual offenses disclosed in prior sex offender treatment.